**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES** | ) |
| **INTERNATIONAL PENSION FUND, by and through** | ) |
| **its Board of Trustees as administered by the Central** | ) |
| **Collection Unit of the International Union of** | ) |
| **Bricklayers and Allied Craftworkers** | ) |
| **620 F Street, N.W.** | |
| **Washington, D.C. 20004,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ENGLISH BROTHERS COMPANY** | ) |
| **807 N. Neil Street** | ) |
| **Champaign, Illinois 61820** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO**
**EMPLOYEE BENEFIT FUND AND FOR OTHER EQUITABLE RELIEF)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1.      Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).   The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The International Pension Fund is administered at 620 F Street, N.W., in Washington D.C.  The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension

1

Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2.      Defendant English Brothers Company is a Delaware corporation registered to conduct business in Illinois with an office address of 807 N. Neil Street, in Champaign, Illinois 61820, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3.      This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for appropriate equitable relief.  This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.      Defendant English Brothers Company has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 17 Illinois ("Collective Bargaining Agreements"), that govern the

wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

7.      Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the International Pension Fund for certain hours worked by employees of the Defendant performing work covered by the Collective Bargaining Agreements.

8.      During the months of August 2021 through the present, the Defendant has performed work covered by the Collective Bargaining Agreements.

9.      During the months of August 2021 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiff for work performed in the jurisdiction of Local 17 Illinois, cover group 1, as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

10.      Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

11.      Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date, or liquidated damages in the amount of 20% of the total contributions owed.

12.     Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees, and costs for collection.

## COUNT I

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

13.     The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14.     Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Plaintiff cannot determine the exact amount of contributions due to the International Pension Fund by the Defendant for covered work performed in the jurisdiction of Local 17 Illinois, cover group 1, during the period August 2021 through the present.

15.     The Plaintiff is entitled to judgment against the Defendant in the form of an order requiring the Defendant to submit all outstanding remittance reports for the period August 2021 through the date such an order is issued, as well as for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

16.     The Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs which are reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due,

subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** the Plaintiff prays judgment on Count I as follows:

A.      For a Court Order requiring the Defendant to submit all outstanding remittance reports for work performed in the jurisdictions of Local 17 Illinois, cover group 1, during the period August 2021 through the date of judgment.

B.      For unpaid contributions due and owing to the Plaintiff for work performed in the jurisdiction of Local 17 Illinois, cover group 1, during the period August 2021 through the date of judgment, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

C.      For costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreements, the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

D.      For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

E.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  January 26, 2022          **O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com

By:     /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 26th day of January 2022, on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>           Plan Benefits Security

/s/ Charles W. Gilligan<br/>Charles W. Gilligan